UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

          Plaintiff,

       v.                                  Case No. 22-CR-227

ERIN D. SCHWEITZER,

          Defendant.

---

## ORDER DENYING MOTION TO DISMISS

---

      On November 15, 2022, a Grand Jury sitting in Milwaukee, Wisconsin returned an indictment charging Erin D. Schweitzer with Involuntary Manslaughter and two counts of Assault Resulting in Serious Bodily Injury. The charges arise out of a collision between the two motor vehicles that occurred on the Menominee Indian Reservation on April 18, 2019. The indictment alleges that Schweitzer drove her vehicle into the path of an oncoming vehicle causing the death of the front-seat passenger and serious bodily injury to the driver and back-seat passenger. The indictment further alleges that Schweitzer was driving her vehicle at an unreasonable and imprudent speed while under the influence of an intoxicant, a controlled substance and a combination thereof, and that she crossed the solid yellow center line in a no-passing zone. Dkt. No. 1.

      Schweitzer was arraigned on December 2, 2022, and trial was scheduled to begin less than two months later on January 30, 2023. The early trial date was selected after accounting for the time remaining under the Speedy Trial Act, 18 U.S.C. § 3161, due to a previous prosecution arising out of the same collision and Schweitzer's attorney's availability and need to prepare for trial. The

case is currently before the Court on Schweitzer's motion to dismiss the case with prejudice on the ground that the delay in bringing her to trial in the previous case violated her right to a speedy trial under 18 U.S.C. § 3161 and requires dismissal of this new indictment. For the reasons that follow, Schweitzer's motion will be denied.

## BACKGROUND

**A. Speedy Trial Act**

The Speedy Trial Act requires a trial to begin within 70 days of indictment or initial appearance, whichever occurs later. 18 U.S.C. § 3161(c)(1). Certain periods of delay are excluded in computing the time within which the trial must commence. § 3161(h). But if a defendant is not brought to trial within the time allowed by § 3161(b), as extended by § 3161(h), the indictment must be dismissed on the motion of the defendant. § 3162(a)(2). Whether the dismissal is with or without prejudice is within the discretion of the trial court upon consideration of various factors, including the seriousness of the offense, the facts and circumstances of the case that led to the dismissal, and the impact of a reprosecution on the administration of the Act and on the administration of justice. *Id.*

If an indictment is dismissed on the government's motion and a new indictment is then filed charging the same defendant with the same offense or an offense based on the same conduct, the government does not get a new 70-day clock. *United States v. Menzer*, 29 F.3d 1223, 1227–28 (7th Cir. 1994) (when dismissal of original indictment is upon government's motion, reindictment does not result in fresh clock); *see also United States v. Magana–Olvera*, 917 F.2d 401, 405 (9th Cir. 1990) (noting that "if the first indictment is dismissed on the government's motion, the statute time limit is merely suspended until a new indictment is returned; the seventy-day clock is not reset"). "The reason for this rule is obvious. If the clock began anew, the

2

government could circumvent the limitations of the Speedy Trial Act by repeatedly dismissing and refiling charges against a defendant." *United States v. Hoslett*, 998 F.2d 648, 658 (9th Cir. 1993) (citing *Rojas–Contreras*, 474 U.S. 231, 239 (1985) (Blackmun, J., concurring in the judgment)).

## B. Prior Proceedings

Schweitzer was charged with essentially the same crimes in a previous action bearing Case No. 19-CR-097. That case was dismissed without prejudice on August 4, 2021, twelve days before the scheduled trial. The dismissal was by the government with leave of the Court pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. Schweitzer contends that by the time of the dismissal, the 70 days within which trial was to commence under the Act had already expired. Dkt. No. 13 at 1–2. As a result of this violation of her rights under the Speedy Trial Act, Schweitzer argues that the charges must be dismissed. Schweitzer further argues, based on the facts and circumstances surrounding the dismissal of the previous action and the need to prevent the government from circumventing the Act, that the dismissal should be with prejudice. *Id.* at 4–6.

Before addressing the specific violations Schweitzer claims occurred, it is necessary to set out in some detail the more than two-year history of the prior case. The indictment in Case No. 19-CR-097 was filed on May 29, 2019. Because Schweitzer had already made her initial appearance on a complaint, the Speedy Trial clock began to run on that date and was set to expire on August 7, 2019. Consistent with the Act, trial was set to begin on August 5, 2019. Dkt. No. 10.

On July 19, 2019, the government filed a motion to adjourn the trial, thereby automatically tolling the 70-day period at day 50. § 3161(h)(1)(D); *see also* Fed. R. Crim. P. 45(a)(1)(A) (the day of the event the triggers the period is excluded). A hearing on the government's motion was held on July 26, 2019, at which the parties advised the Court that an adjournment was necessary

3

to allow the completion of an accident reconstruction analysis and report by the Wisconsin State Patrol. Both Assistant United States Attorney (AUSA) Andrew Maier, on behalf of the government, and Attorney Thomas Phillip, on behalf of Schweitzer, stated that the delay was necessary. The attorneys believed that the report would determine where in the roadway the collision occurred. Attorney Phillip stated that he needed the report to prepare a defense and effectively represent his client. The parties requested that the case be set for a status conference in 60 days, instead of resetting it for trial, so that they could assess the impact of the report on resolving the case. The parties had also agreed that Schweitzer could be released from custody subject to conditions prohibiting driving and use of alcohol and monitoring her location. The Court thereupon granted the government's motion, ordered Schweitzer's release, set the case for a status conference on September 18, 2019, and excluded time necessary to reschedule the trial under the Speedy Trial Act. Based on the representation by both attorneys that the accident reconstruction report was necessary for both sides in order to arrive at a just resolution of the case, the Court expressly found, pursuant to § 3161(h)(7)(A), that the interests of justice in allowing the delay outweighed the interest of either the defendant or the public in a speedy trial. Dkt. No. 14 (audio recording at 10:11 a.m.).

The status conference was later changed to October 2, 2019, at which time that parties again asked for a further status conference to allow them time to study the recently completed accident reconstruction study and for Attorney Phillip to consult with and retain a defense expert to counter the conclusions reached in the report. Rather than provide another status conference, the Court set the case for trial on January 21, 2020, so as to keep the case moving toward a resolution. The Court advised Attorney Phillip that if he concluded after consulting with experts that the new date would not work, a different trial date would be provided. Again, the Court

4

expressly excluded time under the Speedy Trial Act pursuant to § 3161(h)(7)(A), finding that the delay required to allow Attorney Phillip to complete his analysis of the report and possibly retain a defense expert was in the interest of justice and outweighed the interest of either party in a speedy trial. Dkt. No. 17 (audio recording at 9:34 a.m.).

On December 23, 2019, Attorney Phillip filed a motion to adjourn the January 21, 2020 trial, noting that he had retained an expert and based on his trial schedule and the amount of evidence the expert had to review, he did not believe he would be able to effectively prepare for trial in the time remaining. Dkt. No. 18. Instead of resetting the case for trial, Attorney Phillip asked that it be placed on the calendar for a status conference in approximately 45 days. Attorney Phillip also stated in his motion that AUSA Maier did not oppose his motion and that he believed that "the ends of justice served by an adjournment outweigh the best interest of the public and the defendant in a speedy trial." *Id.* at ¶ 9. The Court granted Attorney Phillip's motion in an order entered on December 26, 2019, and the case was set for a status conference on February 13, 2020. Dkt. No. 19. The docket order granting Attorney Phillip's motion states, "The Court excludes time under the Speedy Trial Act: 1/21/2019-2/13/2020." *Id.*

On February 13, 2020, after consulting with counsel, the case was set for trial to commence on June 1, 2020. Again, Attorney Phillip represented to the Court that the delay was needed to allow adequate time for him to effectively represent his client. Based upon that representation, the Court again ordered the time excluded under § 3161(h)(7)(A) on its finding that the interests of justice outweighed the interest of either party in a speedy trial. Dkt. No. 20 (audio at 9:33 a.m.).

On March 16, 2020, Chief Judge Pepper entered two district-wide general orders in response to the COVID-19 pandemic and the declarations of public health emergency by State and Federal officials. *See* General Order Nos. 20-02, 20-03. In effect, the orders sharply reduced the

public operations of the Court and continued in-person hearings, including jury trials, in criminal cases to a date after May 1, 2020. The orders also included a statement that any continuance entered thereunder would be excluded under the Speedy Trial Act based on the finding that the ends of justice served by taking such action outweighed the interest of the parties and the public in a speedy trial, given the need to protect the health and safety of defendants, their counsel, prosecutors, court staff and the public by reducing the number of in-person hearings to the fullest extent possible. On April 23, 2020, Judge Pepper extended the continuance in-person hearings in criminal cases until June 1, 2020. General Order No. 20-09. Based on the pandemic and the Chief Judge's General Orders, the government filed an Unopposed Motion For Order Excluding Time Under The Speedy Trial Act on May 6, 2020, and asked to have the trial continued to after August 1, 2020. Dkt. No. 21. The Court granted the government's motion by text order on May 7, 2020, noting,

> The delay is excluded from the calculation under the Speedy Trial Act because the ends of justice served by the delay outweigh the interests of either the public or the defendant in a speedy trial. The delay is necessitated by the [inability] to hold in-person hearings as a result of the COVID-19 epidemic. The court also notes that the defendant is not in custody and postponing an in-person hearing reduces the risk of infection and spread of the disease.

Dkt. No. 22.

The case was thereafter set for trial on September 14, 2020. On August 23, 2020, Attorney Phillip filed a joint motion to adjourn the trial, noting that the continuing pandemic had significantly hindered the parties' ability to prepare for trial. Dkt. No. 23. Attorney Phillip also noted that his client's father had been hospitalized with an uncertain prognosis and that his condition would adversely impact her trial preparation. Counsel also expressed concern over whether the trial could be held during the pandemic. Finally, Attorney Phillip expressed his belief that the ends of justice served by an adjournment outweighed the best interest of the public and

the defendant in a speedy trial. *Id.* at ¶ 8. The Court granted Attorney Phillip's motion on August 31, 2020, and reset the trial for December 7, 2020, again excluding time pursuant to § 3161(h)(7)(A) based on the conditions created by the pandemic. Dkt. No. 25 (audio at 1:40 a.m.).

On November 5, 2020, Attorney Phillip again filed a motion to adjourn the trial, indicating that a trial was impossible given the COVID-19 infection rates in Brown and Menominee Counties. Attorney Phillip noted that it was difficult to prepare for trial in that the Menominee Tribe was recommending that all Members stay on the Reservation and avoid travel, particularly to Green Bay, where infection rates were also high. Dkt. No. 26. The motion was again granted, time was excluded under § 3161(h)(7)(A), and the trial was set for April 5, 2021. Dkt. No. 27. Although the minutes state that the time was excluded from December 7 through February 26, 2021, this was in error. *Id.* The Court expressly excluded the delay resulting from the need to set the trial on April 5, 2021. (11-6-20 audio at 5:52).

On February 18, 2021, Schweitzer filed a pro se motion for an order appointing new counsel on the ground that there had been a breakdown in the attorney-client relationship. Dkt. No. 30. The Court held a hearing on Schweitzer's motion on February 26, 2021. Attorney Phillip agreed with and supported Schweitzer's request that a new attorney be appointed. He stated that he believed there was a total lack of communication between them and that he believed a new attorney would be more effective in communicating with Ms. Schweitzer and gaining her confidence and trust. The Court reluctantly granted Schweitzer's request and relieved Attorney Phillip of his duty of further representation. The Court left the case on the trial calendar for April 5, 2021, with the understanding that if new counsel needed more time to prepare, a further adjournment would be necessary. Dkt. No. 32.

7

Attorney Edward J. Hunt was then appointed to replace Attorney Phillips. Attorney Hunt entered his appearance in the case on March 10, 2021, and on March 16, 2021, the Court held a status conference to determine if the case could proceed as scheduled. Dkt. Nos. 33. At that time, Attorney Hunt stated he would need additional time to prepare and asked that trial be rescheduled to a date in August. The Court granted Attorney Hunt's request and scheduled the trial to begin on August 16, 2021. Dkt. No. 34. The Court then excluded the resulting delay under the Speedy Trial Act based on its finding that allowing Attorney Hunt the time needed to complete his investigation and preparation for trial best served the interests of justice and outweighed the interest of either the defendant or the public in a speedy trial. (*Id.* audio at 1:37 p.m.).

In the meantime, on April 8, 2021, a warrant was issued for Schweitzer's arrest based on reports from Pretrial Services that she had been driving after revocation, removed her location monitoring bracelet, left her home without an approved schedule, failed to set up AODA treatment as directed, and tested positive for methamphetamine and THC. Dkt. No. 35. Following a hearing before the magistrate judge, she was ordered detained upon a finding that no condition or combination of conditions would reasonably assure the safety of the community. Dkt. No. 39 at 2.

With trial fast approaching, the government filed yet another motion to continue the trial and exclude time on July 26, 2021. Dkt. No. 43. AUSA Maier asserted in the motion that Attorney Hunt had advised him in a June 15, 2021 email that his client wanted to "settle the case without a trial." Attorney Hunt stated in his email: "She is not simply kicking the tires. She is very serious about pleading and getting this thing done as soon as possible." *Id.* at 3. Based on this representation, AUSA Maier stated that he had turned his attention to preparing the proposed plea agreement, submitting it for approval and consulting with the family members of the multiple

8

victims involved. He sent the proposed plea agreement to Attorney Hunt on July 12, 2021, but was not informed until July 16, 2021, that Schweitzer was hesitant to sign. Then on July 19, 2021, Attorney Hunt advised AUSA Maier that Schweitzer no longer intended to plead guilty and had a firm desire to proceed to trial. Id. ¶¶ 1–5. AUSA Maier stated that he was no longer able to obtain the appearance of several key witnesses at the scheduled trial. *Id.* at 3–4.

Attorney Hunt, on behalf of Schweitzer filed a Response in opposition to the government's request, dkt. no. 44, and the Court held a brief telephone conference on the motion on July 28, 2021, at the conclusion of which it took the motion under advisement and instructed the government to check on the availability of the key witnesses it needed for trial. At the continued hearing on July 30, 2021, the government explained that several witnesses, including the lab analyst needed to testify concerning the defendant's blood/alcohol content, had been released based on the defense's assurances that the case was to resolve with a plea. The Court criticized the government for releasing its witnesses before the plea was entered but concluded that to deny the government's request at that point would prevent the government from being able to proceed to trial and, in effect, reward the defendant for changing her mind after assuring the government of her intent to enter a plea. It would essentially allow a defendant to manipulate the Speedy Trial Act to gain an unfair advantage. The Court therefore granted the government's motion but indicated the adjournment would be brief and suggested the trial could be reset to begin within a month. Dkt. No. 46 (audio at 1:45 p.m.). The Court then continued the hearing to August 4, 2021, when a new trial date would be set. *Id.*

At the hearing on August 4, 2021, the government moved to dismiss the indictment against Schweitzer without prejudice pursuant to Fed. R. Crim. P. 48(a) with leave of the Court. AUSA Timothy Funnell explained that, in addition to the witness notification problems that had

previously been described, the government had just been advised that an additional analysis of Schweitzer's blood had not only showed a prohibited alcohol concentration, but also revealed a restricted level of Delta-9-THC. The government had not previously been advised of the additional finding due to an error in the Tribal Police computer system. As a result of the new information, AUSA Funnell indicated the government would be seeking a superseding indictment adding the allegation that Schweitzer was also operating under the influence of a controlled substance. AUSA Funnell also explained the additional medical evidence relating to the injuries to the occupants of the vehicles needed to be analyzed, as well as further refinements of the accident reconstruction. Given the additional work that remained, AUSA Funnell indicated that the government concluded that the prudent step for it to take was to dismiss the indictment and reissue once the additional work was completed. The Court granted the government's motion, and Schweitzer was released from custody.

In March 2022, the government notified the defense that it intended to reissue the charges against Schweitzer. Attorney Hunt was unable to represent Schweitzer in the new action, and Attorney Michelle Jacobs was appointed to provide preindictment representation. Attorney Jacobs negotiated an agreement with the government, and on May 9, 2022, an information and a written plea agreement signed by Schweitzer and Attorney Jacobs was filed under Case No. 22-CR-105. Dkt. Nos. 1, 2, and 8. Under the terms of the plea agreement, Schweitzer was to waive her right to prosecution by indictment and enter guilty pleas to the same three counts contained in the indictment in this case. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties were to recommend and the Court, upon acceptance of the pleas, was to impose a total term of imprisonment of 51 months. Schweitzer declined to proceed with the agreement at the scheduled hearing and instead asked Attorney Jacobs to withdraw. Dkt. No. 8 at ¶ 5. Attorney Jacobs' motion to withdraw was

10

Case 1:22-cr-00227-WCG   Filed 01/04/23   Page 10 of 16   Document 19

granted, and Case No. 22-CR-105 was dismissed. Since Schweitzer had never appeared in the case and no indictment was ever filed, the speedy trial clock never resumed. A fourth attorney was then appointed and the government proceeded to obtain the current indictment.

## ANALYSIS

**A. Schweitzer Did Not Waive The Defense.**

The government argues as a threshold matter that any violation of the Speedy Trial Act that occurred in the previous action was waived by Schweitzer's failure to object. The argument is a nonstarter. The Act states in unambiguous terms when a waiver occurs: "Failure of the defendant to move for dismissal prior to trial or entry of a plea of guilty or nolo contendere shall constitute a waiver of the right to dismissal under this section." § 3162(a)(2). *See Zedner v. United States*, 547 U.S. 489, 502 (2006) (noting "the prosecution and the court cannot know until the trial actually starts or the guilty plea is actually entered whether the defendant will forgo moving to dismiss.") No trial has yet occurred on the charges Schweitzer currently faces or those she faced in the prior case. Nor has she entered a plea of guilty or nolo contendere. The first case was terminated when the government voluntarily dismissed the indictment on August 4, 2021, under Fed. R. Crim. P. 48(a), and the subsequent effort to resolve the matter under Case No. 22-105 was never commenced since no indictment was filed and Schweitzer never waived her right to prosecution by indictment. In light of the government's dismissal in the first case and fact that the second case never began, Schweitzer had no reason to move to dismiss due to a violation of the Speedy Trial Act. By failing to do so under these circumstances, she did not waive any violation that may have occurred. The Court therefore proceeds to the merits of her claim that the delays in the previous action violated her right to a speedy trial.

11

**B. No Speedy Trial Act Violation Occurred.**

Based upon its review of the entire record in Case No. 19-CR-097, the Court finds that no violation of the Speedy Trial Act occurred in that case. Although the case remained pending for well over two years, each period of delay that occurred over that time was excluded from the 70 days allowed under the Act within which trial was to commence. Notwithstanding the procedural history of the previous case recounted above, Schweitzer maintains that the speedy trial 70-day clock was violated when she was not brought to trial by March 4, 2021. Schweitzer contends that there are two non-excluded time periods that counted against the 70-day speedy trial clock, resulting in a violation of § 3161(c)(1). These include:

- 12 days from July 26, 2019, to August 7, 2019; and
- 18 days from February 26, 2021, to March 16, 2021, or 38 days from February 26, 2021, to April 5, 2021.

Dkt. No. 13 at 1–2. Adding these times to the 50 days that expired prior to the government's first motion to adjourn, Schweitzer calculates that the total countable days at the time of dismissal amounted to 80 or 100. Because either number exceeds the 70 days allowed before trial must commence, she claims she is entitled to dismissal of all charges.

Schweitzer bases her argument on erroneous docket entries and minutes. A careful review of the record as recounted above, however, reveals that both periods Schweitzer relies upon were in fact excluded. As noted above, the government filed its first motion to adjourn the trial on July 19, 2019, 50 days after the indictment was filed. The filing of the government's motion automatically stopped the running of the clock. The Court then conducted a hearing on the government's motion, which the defense joined, on July 26, 2021. At that time, as the recording of the proceeding shows, the Court granted the government's motion and expressly found that the delay resulting from the need to reschedule the trial was excluded under § 3161(h)(7)(A). That

finding continued the exclusion of time that began with the filing of the government's motion until October 2, 2019, when the status conference requested by the parties was held. The docket entry for the July 26, 2019 hearing, which states, "The Court excludes time under the Speedy Trial Act: 7/26/2019-9/18/2019", dkt. no. 14, is simply mistaken. The Court's ruling covered the entire delay from the date of the hearing to the date of the status conference, at which time the Court continued to exclude time at the defendant's request to allow retention of expert and preparation for trial.

The same is true of the second period of "non-excluded" time on which Schweitzer relies. On November 6, 2020, the Court granted Schweitzer's motion to adjourn the trial then set to begin on December 7, 2020, due to the high rates of COVID-19 infection in the community and the difficulty Schweitzer was experiencing due to her father's hospitalization. Dkt. Nos. 26, 27. At counsel's request and upon a finding that the delay was needed to allow Schweitzer's attorney to meaningfully prepare for trial at a time when the infection rate had subsided, the Court rescheduled the trial for April 5, 2021, and excluded the period of time resulting from the delay upon a finding that the interests of justice in allowing for the delay outweighed the interest of either the defendant or the public in a speedy trial. The minutes and the docket erroneously state that the only time excluded was from the previous December 7, 2020 trial date to a February 26, 2021 status conference. Dkt. No. 27. But as the audio recording for the hearing shows, that was not the Court's ruling. The entire period before the rescheduled trial date was excluded.

Having excluded the time up to the new April 5, 2021 trial on November 6, 2020, there was no need for the Court to exclude additional time unless and until it became necessary to reschedule the April 5, 2021 trial. The Court therefore declined to exclude time when it granted Schweitzer's motion for a new trial and instead decided to wait and see if the new attorney could keep the same trial date. Attorney Hunt entered his appearance on March 10, 2021, and at the

13

status conference held on March 16, 2021, requested that the trial be adjourned to August so he would have sufficient time to prepare for trial. The Court rescheduled the case for August 16, 2021, and expressly found that the need to afford Attorney Hunt time to prepare for trial best served the interests of justice and outweighed either the defendant's or the public's interest in a speedy trial. Based on that finding, it excluded the time from April 5, 2021 to the new August trial date. Dkt. No. 34.

It thus appears that Schweitzer's argument rests on clerical errors in the docket entries and/or minutes. In fact, no violation of § 3161(c)(1) occurred. And because no violation has been shown, Schweitzer's motion to dismiss must be denied.

## C. Even If A Violation Was Shown, Dismissal Would Have Been Without Prejudice.

Even if a violation of the Speedy Trial Act had been shown, this is not a case where the Court would have dismissed the case with prejudice. As noted above, if a violation is shown, the Court must dismiss the case. Whether the dismissal is with or without prejudice, however, is determined by considering such factors as the seriousness of the offense, the facts and circumstances of the case that led to the dismissal, and the impact of a reprosecution on the administration of the Act and on the administration of justice. § 3162(a)(2). Consideration of those factors in this case leads the Court to conclude that any dismissal would not have been with prejudice.

The offenses charged are, of course, extremely serious. One person was killed and two others seriously injured in the crash. If the allegations of the indictment are true, Schweitzer drove her SUV recklessly at a high rate of speed on a public road, while extremely impaired by alcohol and drugs, directly into an oncoming vehicle. It is difficult to conceive of conduct more dangerous to the public. The offenses charged carry potential penalties of a combined maximum of 28 years'

imprisonment. The offense, if proven, is aggravated by Schweitzer's record, which includes three OWI convictions before the charged offense and a fourth within a short time thereafter. Consideration of the seriousness of the offenses and the defendant's record strongly militates against dismissal with prejudice.

The facts and circumstances surrounding the delay also warrant the conclusion that if a violation had occurred and Schweitzer's motion to dismiss had to be granted, it would have been granted without prejudice. Schweitzer joined with the government, in seeking the initial delay so as to continue the effort to obtain an accident reconstruction analysis to assist in her defense. And when the analysis was apparently unfavorable to her defense, Schweitzer sought a further delay to counter it with an expert analysis that would support her defense. Once the COVID-19 pandemic struck the country, it became impossible to try the case during the initial shutdown. Even after the complete shutdown ended, the parties encountered significant difficulties in meeting with witnesses and preparing their cases, given the high infection rates in the community. Schweitzer's decision to seek new counsel only added to the delay, as did her sudden change of mind about going forward with the trial after conveying to her new attorney her desire to enter a plea agreement. Under these circumstances, dismissal with prejudice would not be appropriate.

Schweitzer suggests that the delay resulting from the government's dismissal has allowed it to strengthen the case against her by adding to the analysis it had previously obtained. But the government's gathering of evidence after dismissal is not at issue. Dismissal stops the clock from running. Given the entire history in the case, the conduct of both parties, and most importantly the seriousness of the offenses charged, the Court would not have dismissed the case with prejudice even if a violation had been shown.

For all of the foregoing reasons, Schweitzer's motion to dismiss the indictment is denied. In addition, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, the Court directs the Clerk to correct the clerical errors discussed herein so as to properly reflect the Court's rulings. *See United States v. Daniels*, 902 F.2d 1238, 1240 (7th Cir. 1990) ("A judge may correct a clerical error at any time, pursuant to Rule 36 of the criminal rules, a parallel provision to the better known rule 60(a) of the civil rules.")

**SO ORDERED** at Green Bay, Wisconsin this 4th day of January, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge