# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA | **SECOND AMENDED JUDGMENT IN A CRIMINAL CASE** |
|---|---|
| v. | |
| ERIN D. SCHWEITZER aka ERIN D. MARTIN | Case Number: 22-CR-227<br>USM Number: 16990-089 |
| | <u>Thomas Erickson</u>     <u>Timothy Funnell</u><br>Defendant's Attorney     Assistant United States Attorney |

THE DEFENDANT pled guilty to counts one, two and three of the indictment and is adjudicated guilty of these offense(s):

| Title & Section | Nature of Offense | Date Concluded | Count(s) |
|---|---|---|---|
| 18 U.S.C. §§ 113(a)(6), 1112, 1153(a) and Menominee Tribal Motor Vehicle Code, Section 550-1; Wisconsin Motor Vehicle Code, Sections 346.05(1), 346.57(2), 346.63(1)(a), 346.63(1)(am), 346.63(1)(b), and 346.89(1) | **Involuntary Manslaughter** | **April 18, 2019** | 1 |
| 18 U.S.C. §§ 113(a)(6) and 1153(a), Menominee Tribal Motor Vehicle Code, Section 550-1; and Wisconsin Motor Vehicle Code, Sections 346.05(1), 346.57(2), 346.63(1)(a), 346.63(1)(am), 346.63(1)(b), and 346.89(1) | **Assault Resulting in Serious Bodily Injury** | **April 18, 2019** | 2-3 |

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

IT IS ORDERED that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and the United States Attorney of material changes in economic circumstances.

Date Sentence Imposed: October 16, 2023

s/ William C. Griesbach
United States District Judge

Date Judgment Entered: October 18, 2023

Page **2** of **7**

AO 245C (Rev. 09/19) Amended Judgment in a Criminal Case            (Note: Identify Changes with asterisks (*))

DEFENDANT: ERIN D. SCHWEITZER aka ERIN D. MARTIN
CASE NUMBER: 22-CR-227

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of ninety-six (96) months as to count 1, forty-eight (48) months each as to counts 2 and 3 which shall run concurrent to each other and shall run consecutive to count one for a total term of imprisonment of one hundred forty-four (144) months. It is the intention of this Court that this sentence shall run concurrent with any sentence to be imposed in Forest County Court Case No. 22CF146.

☒ The court makes the following recommendations to the Bureau of Prisons:
The court recommends placement as close to the defendant's home as possible.
The court recommends the defendant's participation in the Bureau of Prisons' 500-hour drug treatment.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ with a certified copy of this judgment.

_____
United States Marshal

_____
By: Deputy United States Marshal

DEFENDANT: ERIN D. SCHWEITZER aka ERIN D. MARTIN
CASE NUMBER: 22-CR-227

# SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of three (3) years each as to counts 1,2, and 3 which shall run concurrent with each other for a total term of supervision of three (3) years..

# MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.
2. You must not unlawfully possess or use a controlled substance.
   - ☐ You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court. (check if applicable)
   - ☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (check if applicable)
3. ☐ You must make restitution in accordance with 18 U.S.C. §§ 3363 and 3363A or any other statute authorizing a sentence of restitution. *(check if applicable)*
4. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*
5. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*
6. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached pages.

DEFENDANT: ERIN D. SCHWEITZER aka ERIN D. MARTIN
CASE NUMBER: 22-CR-227

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You shall report to the probation office in the district to which you are released within 72 hours of your release from the custody of the Bureau of Prisons and shall report to the probation officer in a manner and frequency as reasonably directed by the Court or probation officer.
2. You shall not leave the State of Wisconsin without permission of the court or probation officer.
3. You shall answer truthfully all inquiries by the probation officer, subject to your Fifth Amendment right against self-incrimination, and follow the reasonable instructions of the probation officer.
4. You shall use your best efforts to support your dependents.
5. You shall use your best efforts to find and hold lawful employment, unless excused by the probation officer for schooling, training, or other acceptable reasons.
6. You shall notify the probation officer at least ten days prior to any change in your place of residence or employment. When such notification is not possible, you shall notify the probation officer within 72 hours of the change.
7. You shall not knowingly go to places or enter buildings where controlled substances are unlawfully sold, used, distributed, or administered.
8. You shall not associate with any persons known by you to be engaged or planning to be engaged in criminal activity. "Associate," as used here, means reside with or regularly socialize with such person.
9. You shall permit a probation officer to visit you at reasonable times at home and shall permit confiscation of any contraband observed in plain view of the probation officer.
10. You shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer.
11. You shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

DEFENDANT: ERIN D. SCHWEITZER aka ERIN D. MARTIN
CASE NUMBER: 22-CR-227

# SPECIAL CONDITIONS OF SUPERVISION

1. The defendant is to participate in a program of testing to include not more than six urinalysis tests per month and residential or outpatient treatment for drug and alcohol abuse, as approved by the supervising probation officer, until such time as he or she is released from such program. The defendant shall pay the cost of this program under the guidance and supervision of the supervising probation officer. The defendant is to refrain from use of all alcoholic beverages throughout the supervised release term.
2. The defendant shall participate in a mental health treatment program and shall take any and all prescribed medications as directed by the treatment provider and participate in any psychological/psychiatric evaluation and counseling as approved by the supervising probation officer. The defendant shall pay the cost of such treatment under the guidance and supervision of the supervising probation officer and shall waive confidentiality between the defendant's probation officer and the treatment provider.
3. To the extent ordered by the Court, the defendant is to pay restitution at a rate of not less than $100.00 per month or 10% of her net earnings, whichever is greater. The defendant will also apply 100 percent of her yearly federal and state tax refunds toward the payment of restitution. The defendant shall not change exemptions without prior notice of the supervising probation officer.
4. The defendant is to provide access to all financial information requested by the supervising probation officer including, but not limited to, copies of all federal and state tax returns. All tax returns shall be filed in a timely manner. The defendant shall also submit monthly financial reports to the supervising probation officer. After the defendant's court-ordered financial obligations have been satisfied, this condition is no longer in effect.
5. The defendant shall not open new lines of credit, which includes the leasing of any vehicle or other property or use existing credit resources without the prior approval of the supervising probation officer. After the defendant's court-ordered financial obligations have been satisfied, this condition is no longer in effect.

DEFENDANT: ERIN D. SCHWEITZER aka ERIN D. MARTIN
CASE NUMBER: 22-CR-227

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached page.

| **Total Special Assessment** | **AVAA Assessment*** | **JVTA Assessment **** | **Total Fine** | **Total Restitution** |
|---|---|---|---|---|
| **$300.00** | $ | $ | $ | **$3,134.19** |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If a defendant makes a partial payment, each payee shall receive an approximately proportioned payment. However, pursuant to 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid.

| **PAYEE** | **AMOUNT** |
|---|---|
| Credit Acceptance | $3,134.19 |
|  |  |
|  |  |
|  |  |
| **TOTAL:** | **$3,134.19** |

☐ Restitution amount ordered pursuant to plea agreement: $_____.
☐ The defendant must pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).
☐ The court determined that the defendant does not have the ability to pay interest, and it is ordered that the interest requirement is waived for the ☐ fine ☐ restitution.

* Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, Pub. L. No. 115-299.
** Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.

DEFENDANT: ERIN D. SCHWEITZER aka ERIN D. MARTIN
CASE NUMBER: 22-CR-227

# *SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☒  Lump sum payment of $300.00 due immediately

**B** *  ☒  Payment to begin immediately (may be combined with ☐ C, ☒ D, or ☐ F below); or

**C**  ☐  Payment in equal monthly installments of not less than $_____ or 10% of the defendant's net earnings, whichever is greater, until paid in full, to commence 30 days after the date of this judgment; or

**D**  ☒  Payment in equal monthly installments of not less than $100.00 or 10% of the defendant's net earnings, whichever is greater, until paid in full, to commence 30 days after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within 30 days after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties: _____

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

| Case Number Defendant and Co-Defendant Names *(including defendant number)* | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐  The defendant shall pay the cost of prosecution; or ☐ The defendant shall pay the following court costs:

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, (9) penalties, and (10) costs, including cost of prosecution and court costs.