# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

      **Plaintiff,**

      **v.**                              **Case No. 22-CR-227**

ERIN D. SCHWEITZER, a/k/a Erin Martin,

      **Defendant.**

---

## ORDER DENYING COMPASSIONATE RELEASE

---

On January 17, 2023, Defendant Erin D. Schweitzer pled guilty to one count of Involuntary Manslaughter and two counts of Assault Resulting in Serious Bodily Injury, all arising out of a two-vehicle head-on crash on the Menominee Indian Reservation that occurred on April 18, 2019. Schweitzer, who at the time had three drunk driving convictions, was driving drunk and speeding as she crossed the centerline in her SUV and crashed into the oncoming SUV occupied by 68-year-old William Beauprey and his grandchildren, Kenny LaTender and Sharae Beauprey. Kenny LaTender died, and William and Sharae Beauprey suffered significant injuries. Subsequent lab testing revealed that Schweitzer had a blood-alcohol concentration of .238g/100mL, almost four times the legal limit of .08 and more than ten times the limit of .02 that applied given her prior record. Schweitzer also had a Delta-9-THC level that was three times the legal limit. Schweitzer was again arrested for driving under the influence two weeks after the fatal crash that is the subject of this action. After hearing from the surviving victims and family of the deceased and considering Schweitzer's record and the severity of her offense, the court imposed a 12-year sentence–8 years

on the Involuntary Manslaughter and 4 years on the two Assault Resulting in Serious Bodily Injury.

Schweitzer filed a direct appeal but later moved to voluntarily dismiss it. She then filed a motion to vacate her conviction under 28 U.S.C. § 2255 alleging that her counsel violated his "fiduciary duty" by advising her to plead guilty and she was too physically ill to enter a valid plea. The court summarily denied her motion, finding her affidavits "simply incredible." In May of 2024 Schweitzer sought leave of the Seventh Circuit to file a successive § 2255 motion. Her request was denied. In June of 2024, Schweitzer moved to reduce her sentence under Amendment 821 to the United States Sentencing Guidelines. The court denied her motion because she had not been assessed status points in her Criminal History Score. Finally, the case is now before the court on Schweitzer's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A). For the reasons that follow, her motion is denied.

Schweitzer cites two reasons for granting her motion for compassionate release. She contends that her exceptional record in prison shows that she has taken all steps to rehabilitate herself and would now pose no threat to the community. She also contends that the urgent necessity and irreplaceable family circumstances require her presence as the only available caregiver for her 72-year-old mother, Donalee Crowe. Neither reason amounts to the extraordinary and compelling reasons that are required in order to justify relief under § 3582(c)(1)(A). To be sure, Schweitzer is to be commended for her efforts to take advantage of programs and other opportunities within the prison system to better herself and ensure that she does not return to the behavior that led to her significant sentence. But rehabilitation, by itself, can never constitute the extraordinary and compelling reasons under 18 U.S.C. § 3582. Moreover, although her mother certainly could use her help, her condition is not so severe as to warrant the extraordinary relief

2

Schweitzer seeks. Although Schweitzer contends that she is the only person that could provide care for her mother, the court notes that her 19-year-old daughter could travel to New Mexico and live with her grandmother, if her grandmother was in serious need of the assistance. The court also notes that her mother is currently receiving help through the Department of Veteran's Affairs, including the VA Medical Center in Albuquerque, New Mexico. To be sure, Schweitzer's daughter has other plans and would like to attend Menominee College, but in family emergencies, people postpone plans in order to help a family member in need. If Ms. Crowe's health were really as desperate as Schweitzer contends, her granddaughter would seem to be in a position to provide such help as easily as Ms. Schweitzer. Ms. Schweitzer is unable to do so given her sentence.

Finally, even if compelling circumstances were shown, the consideration of the sentencing factors in 18 U.S.C. § 3553(a)(1) would preclude relief under the statute. The need for punishment, deterrence, and protection of the public which the court outlined very clearly in its sentencing comments preclude the type of relief Schweitzer now requests. Accordingly, for the reasons stated herein and as outlined in the court's sentencing comments, Schweitzer's motion should be and hereby is denied.

**SO ORDERED** at Green Bay, Wisconsin this 14th day of July, 2026.

William C. Griesbach
United States District Judge

3